UNITED STATES, Appellee

v

ROBERT L. PETTIFORD, Chief Warrant Officer W-2, U. S. Army, Appellant

9 USCMA 648, 26 CMR 428

No. 11,117

Decided September 26, 1958

*Captain Arnold I. Melnick* argued the cause for Appellant, Accused.

With him on the brief were *Colonel Edward M. O'Connell* and *Lieutenant Colonel W. H. Blackmarr*.

*First Lieutenant Chester F. Relyea* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee, Major Thomas J. Nichols,* and *First Lieutenant John E. Riecker.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was convicted by a general court-martial at Stuttgart, Germany, of one specification of larceny and three specifications of wrongful appropriation, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to dishonorable discharge and total forfeitures. The convening authority approved the sentence. The board of review set aside the findings of guilty of wrongful appropriation (specifications 2, 3, and 4) but affirmed the sentence. This Court granted accused's petition to review the following issues:

1. Did the documents obtained from the accused in violation of Article 31 prejudice him with respect to specification 1?

2. Did the board of review shift the burden of proof from the Government to the accused?

Accused was custodian of two funds, the first a Deutsche Mark Fund in the amount of $10,000 and the second a nonappropriated Battalion Headquarters Fund. Early in February 1957, his battalion commander received information causing him to look into the status of the Deutsche Mark Fund, and on the evening of February 4, he audited this fund and discovered a shortage of $2,190. His suspicion of irregularities having been aroused, he requested the accused to bring in all his papers and accounts pertaining to the Headquarters Fund. An examination of the bank statements of that Fund revealed withdrawals and deposits not reflected in the council book and not supported by vouchers or other documents, as required by regulations. At that time, the battalion commander advised accused of his rights under Article 31, Uniform Code of Military Justice, 10

USC § 831, and placed him in arrest of quarters.

On the following day, the commander informed the accused that the Headquarters Fund could not be transferred to another custodian with the books and records in their incomplete state. Accordingly, he directed the accused to make the necessary entries so that the records could be audited and the account transferred to a different fiduciary. No Article 31 warning was given to the accused at this time. Accused, with the help of another officer, subsequently complied with the order.

As previously indicated, the accused was brought to trial on one charge of larceny and three specifications of wrongful appropriations. The first specification alleged the theft of $2,190 from the Deutsche Mark Fund, while the other three charged him with three misappropriations from the Headquarters Fund. The prosecution's evidence to support the last three findings included the documents and entries prepared and made by the accused as a result of the order of his battalion commander. They were introduced over defense counsel's objection, and the board of review held this to be prejudicial error. To purge the error, those offenses were dismissed.

Because of our view in regard to prejudice, we need not be concerned with the correctness of the board of review's decision on the three dismissed offenses. For the purpose of this case, error may be assumed on those offenses concerned with the Headquarters Fund, but we conclude that the questioned evidence had no adverse impact on the court-martial's determination of guilt of peculations from the Deutsche Mark Fund account.

With respect to all offenses, the Government introduced certain evidence of the shortages and other documentary

**649**

evidence which was unchallenged. Of primary importance were checks showing withdrawals from the Headquarters Fund, bank memoranda recording the conversion of these amounts into Deutsche Marks, deposit slips recording the subsequent deposit of identical amounts of money in the Headquarters' bank account, bank statements reciting the deposit and withdrawal of these amounts in the Headquarters' bank account and Headquarters Council book pages prepared by the accused before the order of the battalion commander which failed to reflect the various transactions.

The objectionable evidence was contained in documents which merely recorded the foregoing manipulations. Principally, they were fund vouchers reciting the withdrawal and conversion into Deutsche Marks of the amounts listed on the bank memoranda, fund vouchers reciting the redeposit of the amounts of money noted on the deposit slips, and Fund Council book pages, showing the deposits and withdrawals, prepared by the accused after the order of the battalion commander.

We are unable to accept defense counsel's argument which stresses the damage done to accused's credibility. He testified on the first specification only, and it is strenuously asserted that the questioned evidence weakened his testimony on that offense. The difficulty with this position is that competent evidence established that during three successive months the accused withdrew amounts from the Fund by check, converted these amounts into Deutsche Marks, and subsequently redeposited the identical sums to the credit of the Fund. The dates of these withdrawals and the amounts involved are significant in view of the fact that a shortage of $2,500 was admitted; that the improper transactions occurred during a three-month period prior to discovery of the shortage; that the accused was required to have a monthly account of the Fund made by a finance officer; and that during the period of the shortage accused on at least two separate occasions furnished for verification the full sum he was charged with. There is no dispute about those facts and the pages

of the Council book maintained by the accused proved that none of these transactions were recorded as required by regulations. Moreover, the vouchers to support the withdrawals, deposits, and expenditures were significantly missing. From the foregoing, it should be readily apparent that the erroneously admitted exhibits in no way placed before the court any evidence which was not otherwise proved by the books and records of the funds. Therefore, if accused's integrity and credibility were impaired, such was the result of documents properly admitted in evidence. From his failure to keep records in substantiation and justification of these several transactions, his manipulations with the funds, and his conceded shortage, the court would reasonably infer a pattern of illegal dealings with funds. Those irregularities would seriously impair his veracity and credibility, but merely to compile those dealings into a permanent record form would not add to their damaging effect.

Two of the inadmissible vouchers prepared subsequent to the battalion commander's order indicated that the accused had used the respective amounts to cover shortages in the Deutsche Mark Fund. Standing alone, these written documents might be considered prejudicial, but since accused had testified that he had used "other funds" to hide the shortages and he conceded he did not have sufficient money of his own, the source of the replacement funds was apparent. Certainly the vouchers merely corroborated well-established facts and accused's own judicial admission, and they would not add to or detract from his credibility.

United States v April, 7 USCMA 594, 23 CMR 58, does not compel a different result. It held that the introduction of evidence bearing on one offense can result in prejudice to the accused on a second crime. We affirm that principle, but do not believe it applicable here. A rule of that type has individual case application, and there the testimony was of such quality and quantity that prejudice resulted. In applying the rule in that instance, we gave consideration to the fact that a written pretrial statement and the testimony of five prosecu-

tion witnesses were improperly admitted into evidence. In the case at bar, no such damaging tide of erroneous evidence was admitted.

For these reasons, we agree with the board of review that accused was not materially prejudiced with respect to the affirmed specification of larceny.

As to the second granted issue, the Government has conceded that this case is controlled by United States v Troutt, 8 USCMA 436, 24 CMR 246. That case settled the law and the concession is appropriate.

The decision of the board of review is reversed on the latter ground and the record is returned to The Judge Advocate General of the Army for further consideration.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result only on the first issue and concurs on the second issue.